IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

AMY D. SHIVER,

    Plaintiff,

vs.

MIAMI-DADE COUNTY, FLORIDA,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, AMY D. SHIVER, hereby sues Defendant, MIAMI-DADE COUNTY, FLORIDA, and states as follows:

### Introduction

1. This is an action by AMY D. SHIVER against her current employer, MIAMI-DADE COUNTY, FLORIDA, for violations of the Family Medical Leave Act of 1993. By the filing of this action, Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq*. The Court has jurisdiction over the claims pursuant to 29 U.S.C. §§ 1331, 1343(4) and 29 U.S.C. § 216(b).

3. The claim arose in Miami-Dade, County, Florida, in the Miami Division of the United States District Court for the Southern District of Florida, which is where venue is proper.

## Parties

4. Plaintiff, AMY D. SHIVER (hereafter "Plaintiff" or "SHIVER") is a resident of Miami-Dade County, Florida, and was, at all times material, employed by MIAMI-DADE COUNTY as a Forensic Technician working in the Morgue Bureau at the Miami-Dade County Medical Examiner's Office.

5. SHIVER was and is an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2), in that she had been employed for at least twelve months by the Defendant and worked at least 1250 hours during the 12-month period prior to when she first took FMLA-qualifying medical leave for a serious medical condition beginning in or about September 2019.

6. Defendant, MIAMI-DADE COUNTY, FLORIDA (hereafter "Defendant" or "MIAMI-DADE COUNTY") is an employer as defined by 29 U.S.C. § 2611(4)(A)(iii), which has employees in the Miami-Dade County Medical Examiner's Office subject to the provisions of the FMLA.

## Factual Allegations

7. Plaintiff AMY D. SHIVER (hereafter "Plaintiff" or "SHIVER") has been employed by the Medical Examiner's Office as a Forensic Technician since on or about June 3, 2016.

8. SHIVER is assigned to the Morgue Bureau of the Medical Examiner's Office and is supervised Morgue Bureau Operations Manager La Tishia Garner and Director of Operations Darrin Caprara, who in turn reports to Chief Medical Examiner Emma Lew. In addition to the "coolers" where bodies are stored while awaiting autopsy, the Morgue has a number of other rooms, including an anthropology lab, evidence room, gross specimen storage room, two X-ray rooms, supply area, employee lounge, security station, and doctor dictation suites.

9. The Morgue staff includes Ms. Garner and nine forensic technicians (including Plaintiff), as well as an evidence recovery team consisting of one supervisor and technicians who respond to police calls around the clock. Forensic technicians work closely with the medical examiners to fulfill their primary role: conducting forensic autopsies every day of the year. They also are responsible for processing X-rays, finger printing and evidence, and assisting funeral homes.

10. During her employment with Defendant, Plaintiff's job performance has been rated as "satisfactory" or "above satisfactory" on her annual performance appraisals, and she has received regular merit increases based on her ability to meet Defendant's performance expectations. On at least two occasions, SHIVER was nominated as "employee of the month" by her co-workers.

11. In early 2019, for the first time during her employment with Defendant, Plaintiff began to experience chronic painful gastrointestinal issues that left her in severe pain and caused her to miss time from work. She sought medical treatment for her condition beginning in or about July 2019 and informed her supervisors that she had a serious chronic condition that caused periodic bouts of abdominal pain that incapacitated her to the point of being unable to work. She further advised her supervisors that she was undergoing additional testing to determine a specific diagnosis and would occasionally need time off for treatment and when she was unable to work during a flareup. She also specifically mentioned that she intended to seek FMLA leave if her attendance continued to be adversely impacted by her gastrointestinal issues.

12. Despite Defendant's knowledge that SHIVER was missing time from work due to a serious medical condition and had inquired about FMLA leave, Morgue Operations Supervisor La Tishia Garner (with the approval of Chief Medical Examiner Emma Lew and issued Plaintiff a Report of Counseling (ROC) on September 24, 2019 for attendance issues.

13. On October 8, 2019, SHIVER's health care provider completed a Certification of Health Care Provider for Employee's Serious Health Condition (DOL Form WH-380) which Plaintiff submitted to Defendant in order to formally request leave under the Family Medical Leave Act. Plaintiff's request for FMLA leave was approved in November 2019, and she was instructed to inform her supervisor whenever she called out sick or had to attend doctor's appointments for her FMLA-qualifying serious health condition.

14. Although Plaintiff's request for intermittent FMLA leave was approved by Defendant, her immediate supervisors appeared to have no training or guidance in how to administer and designate SHIVER's FMLA leave under Defendant's policies or the FMLA itself. As a result, they neglected to follow Defendant's policies and procedures for granting intermittent FMLA leave and failed to properly or timely designate the FMLA leave that was taken.

15. Plaintiff received another DAR from Latisha Garner on January 22, 2020 (with approval from Human Resources, Darrin Caprara and Dr. Lew) for allegedly "hindering the operations of the morgue due to poor attendance," even though some or all of absences for which she was disciplined either were, or should have been, designated by Defendant as protected leave under the FMLA.

16. On April 28, 2020, SHIVER received her third DAR and a five-day unpaid suspension from La Tishia Garner (with approval from Human Resources, Darrin Caprara and Dr. Lew) for "hindering the operations of the department due to her excessive absenteeism." The DAR was issued to Plaintiff even though some or all of absences for which she was disciplined either were, or should have been, designated by Defendant as protected leave under the FMLA.

17. Due to staffing needs during the COVID-19 pandemic, SHIVER's five-day suspension without was deferred for 60 days, and she served the five-day suspension without pay from July 5, 2020 to July 10, 2020.

18. Following her return to work after the five-suspension, on or about July 29, 2020, SHIVER was provided with a purported "summary" of an "audit" of her leave usage since January 2020. Based on the "audit" and "summary," Plaintiff was advised that she had used approximately 461.25 hours of FMLA leave since January 1, 2020 and had less than 20 hours of FMLA left for the remainder of the calendar year.

19. Although Defendant's attendance and leave policies required her supervisors to enter a specific code to designate time off as FMLA leave within five days of the leave being used, none of the absences listed on the "summary" provided to SHIVER were coded as FMLA leave in Defendant's time-keeping software platform. In addition to failing to properly designate or record the time as FMLA and failing to notify SHIVER that the absences were designated as FMLA when the time was used, it appeared to SHIVER that some of the absences listed on the "summary" were erroneously designated as FMLA leave.

20. When SHIVER sought clarification in writing regarding the alleged "audit" of her leave usage and the "summary" that stated she had less than 20 hours of FMLA remaining, Defendant declined to provide a substantive response. Instead, on August 6, 2020, Plaintiff was advised that the Medical Examiner's Office was waiting for a directive from Human Resources or the Miami-Dade County Attorney's Office, and that she would be disciplined and terminated if she missed more than 2.75 hours of work without authorization.

21. Based on these facts and others, there are no legitimate, non-discriminatory reasons for Defendant's interference with SHIVER's rights under the FMLA or the retaliation to which she

5

has been subjected for exercising her rights under the FMLA, and insufficient evidence to support even a reasonable, good-faith belief in the reasons cited for the adverse action taken against Plaintiff.

## Count I/FMLA Interference Claim

22. Plaintiff AMY D. SHIVER realleges the allegations of Paragraphs 1 through 21 above.

23. Among the substantive rights granted by the FMLA to eligible employees is the right to 12 workweeks of leave during any 12-month period to care for a child with a serious health condition, 29 U.S.C. § 2612(a)(1)(c), and the right following leave to be restored by the employer to the position of employment held by the employee when the leave commenced or to an equivalent position. 29 U.S.C. § 2614(a)(1).

24. Defendant has denied and/or interfered with Plaintiff's FMLA rights by failing to timely designate her time off from work as FMLA leave and then conducting an after-the-fact "audit" that inflated SHIVER's actual FMLA leave usage in 2020 by improperly designating non-FMLA leave as FMLA leave. Under 29 C.F.R. § 825.300(d)(1), Defendant was required to give Plaintiff notice of its designation of leave as FMLA-related leave within five days of acquiring knowledge that the leave qualifies as such.

25. Plaintiff has been harmed by Defendant's interference with her FMLA rights, in that the postdated designation of her medical leave inflated the actual amount of FMLA that was used in the first eight months of the year and will wrongfully deprive Plaintiff of the full 480 hours of FMLA leave to which she is entitled in 2020. By neglecting to follow its own policies regarding the timely designation of FMLA leave in Plaintiff's leave records, Defendant has also precluded SHIVER from determining the number of hours of FMLA that she actually used, or the extent to which her FMLA leave hours were inflated.

26. There are no legitimate reasons for Plaintiff's denial or and/or interference with Plaintiff's FMLA rights.

27. Because Defendant failed to properly designate and track SHIVER's FMLA leave usage, it is liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered. 29 C.F.R. § 825.300(d)(1) (citing 29 C.F.R. § 825.400(c)).

WHEREFORE, Plaintiff, AMY D. SHIVER, prays that this Court will:

A. Find Defendant's actions toward SHIVER, including, but not limited to, the improper retroactive designation of FMLA leave, to be violative of her rights under the FMLA;

B. Enter an order prohibiting Defendant from taking any adverse action against SHIVER for allegedly exceeding the amount of leave permitted under the FMLA and requiring Defendant to comply with the requirements of 29 C.F.R. § 825.300(d)(1) with respect to any future FMLA-qualifying leave taken by Plaintiff;

C. Award SHIVER back and/or front pay for any lost wages resulting from Defendant's interference with Plaintiff's FMLA rights and an equal amount as liquidated damages for Defendant's willful violations of the FMLA;

D. Grant such other and further relief as is just; and

E. Award Plaintiff her costs, including a reasonable attorney's fee.

**Count II/FMLA Retaliation Claim**

28. Plaintiff AMY D. SHIVER realleges the allegations of Paragraphs 1 through 21 above.

29. The FMLA prohibits discrimination or retaliation against an employee for exercising her FMLA rights or for opposing any practice made unlawful by the FMLA at 29 U.S.C. § 2615(a)(1).

30. Plaintiff was engaged in statutorily protected activity under the FMLA when she informally advised Defendant beginning July 2019 that she needed FMLA-qualifying leave for treatment of chronic gastrointestinal issues. Plaintiff engaged in additional protected activity under the FMLA when she submitted formal requests for FMLA leave via DOL Form WH-380 on October 8, 2019 and May 19, 2020.

31. As a result of Plaintiff engaging in protected activity under the FMLA, Defendant unlawfully discriminated and/or retaliated against Plaintiff for engaging in activity protected by the FMLA, in violation of 29 U.S.C. § 2615(a)(1) and (2).

32. The retaliation against SHIVER included, but was not limited to, issuing three (3) unwarranted Disciplinary Action Reports (DAR) to Plaintiff for excessive absenteeism on September 24, 209, January 20, 2020 and April 28, 2020. In connection with the DAR issued on April 28, 2020, SHIVER was suspended for five days without pay in July 2020, and when Plaintiff questioned the purported "audit" and "summary" of her FMLA usage in 2020, she was further threatened with termination for unauthorized absences.

33. There are no legitimate non-discriminatory or non-retaliatory reasons for Plaintiff's discipline and adverse treatment following her requests for FMLA leave.

WHEREFORE, Plaintiff, AMY D. SHIVER, prays that this Court will:

A. Find Defendant's actions toward SHIVER to be violative of her rights under the FMLA;

B. Award SHIVER payment of all back wages and lost benefits found by the Court to be due under the FMLA;

C. Award SHIVER an additional equal amount of back and front pay as liquidated damages for Defendant's willful violations of the FMLA;

D. Grant such other and further relief as is just; and

E. Award Plaintiff her costs, including a reasonable attorney's fee.

Respectfully submitted,

*Christopher C. Sharp*
Christopher C. Sharp, Esq.
Fla. Bar No. 996858
E-Mail: csharplaw@aol.com
Secondary Email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, Florida 33441
Telephone: (954) 909-4246
Facsimile: (954) 827-8028

Dated: September 15, 2020          Counsel for Plaintiff AMY D. SHIVER