IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
Case No. 20-cv-23826-Civ-COOKE/GOODMAN

AMY D. SHIVER,

    Plaintiff,

vs.

MIAMI-DADE COUNTY, FLORIDA,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO QUASH RULE 45 SUBPOENAS
TO PLAINTIFF'S OUTSIDE EMPLOYERS, OR, IN THE
ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

    Plaintiff, AMY D. SHIVER, pursuant to Federal Rule of Rule Civil Procedure 45(d)(3)(B)(i) and 26(c)(1), hereby moves to quash and/or for entry of a protective order regarding Defendant's proposed subpoenas to Plaintiff's outside employers, which were attached to Defendant's Notice of Intent to Subpoena Non-Party, served March 18, 2020.

    In accordance with Local Rule 26, attached as Exhibit 1 is a copy of Defendant's Notice of Intent to Subpoena Non-Party and proposed subpoenas. Plaintiff's counsel further certifies, in accordance with Local Rules 7.1(a)(3) and 26.1, that he made a good faith-attempt to resolve the objections prior to filing this motion and that counsel for Defendant did not respond to any communications about the objections. In support of this motion, Plaintiff states as follows:

### Introduction

    This is an FMLA interference and retaliation case in which Plaintiff contends, *inter alia*, that she was disciplined and suspended for five days without pay for attendance issues in April 2020, even though Defendant had already designated the three days in question as approved intermittent FMLA leave. *See* Complaint [ECF 1], filed September 16, 2020, at ¶¶ 16-17; Plaintiff's Amended Motion

1

for Summary Judgment [ECF 31], filed February 10, 2021, at pp. 10-15 (discussing FMLA retaliation claim).

On March 18, 2018, pursuant to Federal Rule of Civil Procedure 45, Defendant served a Notice of Intent to Subpoena Non-Party, which included three subpoenas to non-party funeral homes for whom Plaintiff has worked in addition to her employment with Defendant as a Morgue Technician (hereafter "outside employment"). Plaintiff identified these employers at her deposition taken January 10, 2021, and further testified that, in accordance with Defendant's policies and procedures, she filed the appropriate disclosure forms for her outside employment with the Medical Examiner's Office. It is also undisputed that During her nearly five years of employment with Defendant, Plaintiff has: (a) never been counselled or disciplined for any violations of Defendant's outside employment policies; (b) her outside employment has never affected her ability to work her regularly scheduled-hours with Defendant or her eligibility for FMLA leave from Defendant and (c) SHIVER's outside employment has never been referenced, let alone raised, as an issue in either the Complaint or Defendant's Answer and Affirmative Defenses to Plaintiff's FMLA claims.

The Notice of Intent to Subpoena Non-Party allowed seven days for objections to the subpoenas. In accordance with the Notice, Plaintiff notified Defendant's counsel in writing of the objections on March 19, 2021 and requested a response by the close of business on March 22, 2021. No response has been received as of the date of this Motion.

**The specific discovery requests at issue (Rule 26.1(g)(3)(A))**

The proposed subpoena to "La Paz Funeral Home, 3500 NW 7th Street, Miami, FL 33125" seeks "[a]ll employment records related to Amy D. Shiver (D.O.B. 07-24-1981) created between June 1, 2019 and March 31, 2021."

The proposed subpoena to "Paradise Funeral Home, LLC 1941 W Oakland Park Blvd" seeks "[a]ll employment records related to Amy D. Shiver (D.O.B. 07-24-1981) created between June 1, 2019 and March 31, 2021."

The proposed subpoena to "Vallés Funeral Homes & Crematory 12830 NW 42nd Avenue" seeks "[a]ll employment records related to Amy D. Shiver (D.O.B. 07-24-1981) created between June 1, 2019 and March 31, 2021."

Each of the proposed subpoenas state that the subpoena will be served on March 25, 2021, and that production must be made at 1:00 p.m. on April 5, 2021, five days prior to the discovery deadline to complete fact discovery in this case. *See* Order Setting Civil Trial date and Pretrial Deadlines, entered November 30, 2020.

### The type of protection sought by Plaintiff (Rule 26.1(g)(3)(B))

By the filing of this Motion, Plaintiff seeks an order quashing the three subpoenas to Plaintiff's outside employers, pursuant to FED.R.CIV.P 45(d)(3)(B)(i), which allows a court to quash or modify subpoena if it requires the disclosure of confidential information regarding a party affected by the subpoena. In the alternative, if the subpoenas are served prior to the Court's ruling on this Motion, Plaintiff seeks the entry of a protective order in accordance with FED.R.CIV.P. 26(c)(1), to prohibit Defendant's use of any documents obtained via the subpoenas to her outside employers.

### The reasons supporting the protection sought (Rule 26.1(g)(3)(C))

The grounds for Plaintiff's objections are that the subpoenas to her outside employers are overly broad and seek documents that are irrelevant to any issue in this case and not reasonably calculated to lead to the discovery of relevant or amissible evidence. The economic damages in the case are limited under the FMLA to the five days of pay that SHIVER forfeited as a result of the DAR issued April 28, 2020 and, in the absence of a termination, she had no duty to mitigate those damages

3

by finding other work during her one-week suspension. And even if she did work at her outside jobs during her five-day suspension, the wages she earned are not an offset to the wages she forfeited as a result of the five-day suspension.

Given the limited subject matter of this case, and the overly broad and intrusive nature of the requests, there is also a risk that service of the subpoenas could damage or interfere with Plaintiff's business relationships and reputation with her outside employers, since many employers tend to react negatively to such unnecessary intrusions into their businesses.

In considering whether a party has standing to move to quash a subpoena duces tecum, courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena. *See Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *5 (S.D. Fla. Dec. 10, 2007) (Seltzer, J.) (quashing defendant's subpoena requesting personnel records from non-party employers to assess plaintiff credibility where "defendant has not alleged any reason to believe that the plaintiff has misrepresented information")1 (citing *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421, at *1 (D. Conn. Sept. 5, 2007) ("The plaintiff clearly has a personal right with respect to information contained in his employment records")).

Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. *See, e.g., Chamberlain*, 2007 WL 2786421, at *1 ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26"); 9A CHARLES A.

---

1 In *Barrngton*, Magistrate Judge Seltzer further ruled that "[i]f Defendant has already received any documents pursuant to these subpoenas, it shall return them to the employer that produced them, without first inspecting or copying the documents." *See Barrington,* 2007 WL 4370647, footnote 7.

WRIGHT AND ARTHUR R. MILLER, *Federal Practice and Procedure*, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34). The Court, therefore, must determine whether the subpoenas at issue seek irrelevant information and/or are overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. *See Wagner v. Viacost.com*, No. 06-81113-Civ, 2007 WL 1879914 (S.D. Fla. June 29, 2007) (Ryskamp, J.) (applying relevance standard of Rule 26(b) to subpoena duces tecum seeking employment records from the plaintiff's current employer in deciding such records were not relevant in a FLSA case).

In this FMLA case, it is difficult to see how Plaintiff's outside employment records could have even tangential relevance to any of the issues that will be determined by the Court. Plaintiff's economic damages are based on a five-day suspension without pay and there is no dispute that she returned to work following the suspension, without any further consequences for the DAR. As is noted *supra*, Plaintiff has also complied with all of Defendant's policies and procedures regarding disclosure and approval of her outside employment and Defendant has never alleged otherwise since Plaintiff was hired in 2016. In addition, there is no evidence whatsoever in this case that SHIVER's outside employment with private funeral homes has ever interfered with her regularly scheduled work hours with Defendant, and neither party has raised her outside employment as part of the claims of defenses to the FMLA claims.

Even were the Court somehow finds that Plaintiff's outside employment is marginally relevant to the issue of whether Defendant violated the FMLA in this case or Plaintiff's damages from the five-day suspension, the subpoenas at issue are still overly broad on their face. They seek "[a]ll employment records related to Amy D. Shiver (D.O.B. 07-24-1981) created between June 1, 2019 and March 31, 2021." On its face, such an overly broad and sweeping request for "***all*** employment records" without any limitations – which also both predates ***and*** postdates Defendant's initial

5

approval of Plaintiff's requests for FMLA benefits in November 2019 – could result in the productions of job applications, personnel files, interview notes, performance evaluations, payroll records, income tax forms, and any other personnel documents maintained by the outside employers' human resources departments. It is hard to imagine any scenario under which such documents could have any relevance in an FMLA case where the Plaintiff has never been terminated and her outside employment has been consistently approved by Defendant under its own policies and procedures for the past five years. *See Premer v. Corestaff Servs, L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) (refusing to require production of employment records from the plaintiff's prior employer pursuant to an overbroad subpoena where defendant had failed to provide any reason to suspect plaintiff's credibility).

## Conclusion

Based on the foregoing, the Court should find that Defendant cannot meet its burden of establishing that the documents sought by the Rule 45 subpoenas directed to Plaintiff's outside employers are relevant to any claim or defense under the FMLA in this case. Moreover, the document requests of the subpoenas are overly broad on their face, seek unnecessary personal and confidential about Plaintiff and could potentially have an adverse impact on Plaintiff's business relationships with the outside employers. Accordingly, Plaintiff's Motion to Quash Subpoenas to Non-Parties, or in the Alternative, Motion for Protective Order should be GRANTED.

                Respectfully submitted,

                ***Christopher C. Sharp***
                Christopher C. Sharp, Esq.
                Fla. Bar No. 996858
                E-Mail: csharplaw@aol.com
                Secondary Email: chris@csharplawfirm.com
                SHARP LAW FIRM, P.A.
                1600 West State Road 84, Suite C
                Fort Lauderdale, Florida 33441
                Telephone: (954) 909-4246
                Facsimile: (954) 827-8028
Dated: March 23, 2021      Counsel for Plaintiff AMY D. SHIVER

**Certificate of Service**

   I hereby certify that on March 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            By: *__Christopher C. Sharp__*
                Christopher C. Sharp, Esq.

**SERVICE LIST**
**Case No. 20-cv-23826-Civ-COOKE/GOODMAN**

Christopher C. Sharp, Esq.
Email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, FL 33315
Phone: (954) 909-4246
Facsimile: (954) 827-8028
Attorney for Plaintiff

Leona N. McFarlane, Esq.
Email: Leona.McFarlane@miamidade.gov
Assistant Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Phone: (305) 375-5067
Counsel for Defendant